UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

VASILE FLORIN FLORE,
a/k/a "Atilla Feher,"
a/k/a "Florin Botos,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-19-24

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

19 Cr. 668 (ALC)

WHEREAS, on or about September 16, 2019, VASILE FLORIN FLORE, a/k/a "Atilla Feher," a/k/a "Florin Botos," (the "Defendant"), among others, was charged in a seven-count Indictment, 19 Cr. 668 (ALC) (the "Indictment"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Counts One through Four); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1344 (Counts Five and Six); and aggravated identity theft, Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Count One through Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any and all property constituting or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses, and any and all personal property used or intended to be used to commit the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses that the defendants personally obtained; and

WHEREAS, the Indictment included a forfeiture allegation as to Count Five and Six of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States

Code, Section 981(a)(2)(A), any and all property, real and personal, that constituting or derived from, proceeds obtained directly or indirectly as a result of the commission of the offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses that the defendants personally obtained;

WHEREAS, on or about December 6, 2022 the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit a sum of money equal to $193,239.07 in United States currency, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense alleged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $193,239.07 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, MARIAN IRINEL FLORE, a/k/a "Marian Botos," a/k/a "Robert Mario Horvath," DIMITRIE MARZAC, a/k/a "Paul Neagoe", IACOB DAN ZELE, a/k/a "Matthias Muller," (the "Co-Defendants") to the extent forfeiture money judgments are entered against the Co-Defendants in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Jaclyn Delligatti of counsel, and the Defendant, and his counsel, Jennifer Brown, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $193,239.07 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-Defendants to the extent forfeiture money judgments are entered against the Co-Defendants in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, VASILE FLORIN FLORE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        12/6/22
JACLYN DELLIGATTI                                                DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2559


VASILE FLORIN FLORE

By: _____        3/9/23
VASILE FLORIN FLORE                                              DATE


By: _____        12/6/22
JENNIFER BROWN, ESQ.                                             DATE
Attorney for Defendant
Federal Defenders of New York
52 Duane Street, 10th Floor
New York, NY 10007


SO ORDERED:

_____        3/9/23
HONORABLE ANDREW L. CARTER, JR.,                                 DATE
UNITED STATES DISTRICT JUDGE